UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

General Dynamics Land Systems, Inc.,

    Plaintiff,

v.                                          Case No. 19-11016

McAfee's Communications, Inc., and
Benjamin R. McAfee,              Sean F. Cox
                                                United States District Court Judge

    Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff sued Defendants for breach of contract, fraud, conversion, and unjust enrichment. After being properly served, Defendants failed to answer Plaintiff's complaint. The Clerk entered defaults against Defendants. Plaintiff now moves for a default judgment in the amount of $202,170.65, and requests $2,244 in attorney fees and $439 in costs. For the reasons below, the Court will grant Plaintiff's motion.

## BACKGROUND

Defendant Bejamin McAfee ("McAfee") is the "president and owner" of Defendant McAfee's Communications, Inc. ("MCI"). Compl. ¶ 3. In March 2018, MCI contracted with Plaintiff General Dynamics Land Systems, Inc., ("GDLS") to provide "technical specifications, equipment and on-site installation of an emergency alert system." *Id*. at ¶ 8, 10. Under the contract, MCI promised to deliver on all of its obligations no later than June 1, 2018. *Id*. at ¶ 12.

On January 25, 2019, GDLS issued a notice of default and demand for performance. *Id*. at ¶ 16. In response, McAfee emailed GDLS, stating that MCI had "officially closed" and that it could

1

not perform under the contract. *Id*. at ¶ 17. Neither McAfee nor MCI returned unaccounted-for funds that GDLS had already paid, and they ignored subsequent demands. *Id*. at 17, 18-23.

On April 8, 2019, GDLS filed its complaint, which includes four counts: (1) breach of contract; (2) fraud; (3) common law and statutory conversion; and (4) unjust enrichment. GDLS's statutory conversion count includes a claim for treble damages under M.C.L. 600.2919a. (ECF No. 1, PageID 9). Defendants were properly served on April 28, 2019. (ECF Nos. 4, 18).[1]

On May 23, 2019, GDLS sought, and received, a clerk's entry of default against both Defendants. (ECF Nos. 8, 9). Thereafter, GDLS filed this motion for default judgment, requesting a judgment in the amount of $202,170.65. GDLS also requests $2,244 in attorney fees and $439 in costs. (ECF No. 11). GDLS served Defendants with notice of the Court's intention to hear oral arguments on this motion. (ECF No. 14). The Court heard oral arguments on this motion on October 3, 2019. Neither Defendant appeared at the hearing.

**ANALYSIS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party for failure to plead or otherwise defend the claim. Because the Clerk of the Court entered a default against Defendants, "the well pleaded factual allegations in the Complaint, except

---

[1] On May 1, 2019, GDLS filed a certificate of service that indicated that MCI—a corporate entity—had been "personally served." (ECF No. 5). Because a corporate entity cannot be "personally served," the Court ordered that GDLS show cause as to why the Court should not strike that certificate of service and order that MCI be properly served. (ECF No. 16). On September 24, 2019, GDLS filed an amended certificate of service (ECF No. 18) and a response to the Court's show-cause order. (ECF No. 19). Upon review of these documents, the Court was satisfied that MCI had been properly served on April 28, 2019, and vacated the show-cause order. (ECF No. 20). Based on the certificate of service regarding McAfee, (ECF No. 5), the amended certificate of service regarding MCI, (ECF No. 18), and the information contained in GDLS's response to the Court's show-cause order, (ECF No. 19), the Court concludes that both Defendants were properly served in this case.

those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 848 (E.D. Mich. 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)). In other words, the entry of a default against Defendants "conclusively establishes every factual predicate of a claim for relief." *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *see also Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) ("[T]here is no question that, default having been entered, each of [the plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law.").

"[A]llegations regarding the amount of damages must be proven." *Broadcast Music, Inc. v. Pub Acquisition, LLC*, 2014 WL 2993661 at *4 (N.D. Ohio 2014). Under Rule 55(b)(1), GDLS must "establish that the damages requested are such that may be computed to a sum certain." *Meyer v. City of Cincinnati*, 943 F.2d 52 at *3 (6th Cir. 1991). "The court must conduct an inquiry sufficient to establish damages to a reasonable certainty." *J&J Sports Prods., Inc. v. Cole's Place, Inc.*, 2012 WL 469918, at *2 (W.D. Ky. 2012).

Here, GDLS's allegations, which are accepted as true, show that MCI breached the loan contract by failing to perform. Compl. at ¶ 8-23. And GDLS's allegations establish that McAfee is also liable because he is MCI's alter ego. Compl. ¶ 7. Thus, the Defendants are liable to GDLS.

To support its damage award request, GDLS submitted a declaration from one of its supply-chain managers, Kraig Wilson. (ECF No. 11-3). Wilson testifed that GDLS has incurred the following damages:

    a.    $63,566.94 in amounts paid to MCI for particular materials and/or services never performed, which amount was not returned to GDLS despite demand for same;

    b.    $11,469.83 in excess costs, beyond those that would have otherwise been due to MCI had it fully performed its contractual requirements, to resource certain aspects of MCI's contractual requirements to another company.

(ECF No. 11-3, PageID 52).

Because GDLS filed a statutory conversion claim, the $63,566.94 in unreturned money is subject to treble damages pursuant to Michigan's conversion statute. *See* M.C.L. 600.2919a; *see also Citizens Ins. Co. of American v. Delcamp Truck Center, Inc.*, 178 Mich.App. 570, 576, 444 N.W.2d 210, 213 (Mich. Ct. App. 1989) ("An action for conversion lies where an individual cashes a check and retains the full amount of the check when he is entitled to only a portion of that amount."). Accordingly, Wilson's declaration establishes that GDLS is entitled to $202,170.65 (3 x $63,566.94 = $190,700.82; $190,700.82 + $11,469.83 = $202,170.65).

GDLS is also entitled to reasonable attorney fees and costs. *See* M.C.L. 600.2919a. GDLS requests $2,244 in attorney fees and $439 in costs, and provides billing records and receipts to substantiate these amounts. (ECF Nos. 11-6). GDLS also provides information related to its counsel's qualifications and the State Bar of Michigan's 2017 Economics of Law Practice, Attorney Income and Billing Rate Summary Report. (ECF No. 11-4, 11-5). Considering these documents and the factors outlined in *Wood v. DAIIE*, 413 Mich. 573 (1983), the Court concludes that the requested amounts are reasonable.

## CONCLUSION

By way of Wilson's affidavit and the other submitted documents, GDLS has sufficiently proven its requested damages figure of $202,170.65. GDLS has also show that its requested attorney fees ($2,244) and costs ($439) are reasonable. Accordingly, the Court **GRANTS** GDLS's motion

for default judgment. The Court will enter a separate judgment consistent with this order.

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: October 3, 2019